**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAHIR MALIK,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 23-21337<br><br>**OPINION**<br><br>September 9, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Metropolitan Life Insurance Company's ("Defendant" or "MetLife") Motion for Summary Judgment. (ECF 15, "MSJ.") Tahir Malik ("Plaintiff") did not oppose the Motion despite an order from the Court instructing Plaintiff to respond to Defendant's Motion.[1] The Court reviewed all submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED**.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

*Pro se* Plaintiff filed this action on September 13, 2023 seeking $20,000 under the Independent Driver's Guild Dental Plan (the "Plan") in the Superior Court of New Jersey Law

---

[1] *See* ECF 16. Because Plaintiff failed to address Defendant's assertions of fact after the Court gave Plaintiff an additional opportunity to do so, the Court will grant Defendant's Motion for Summary Judgment if the Motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3); *see also Mendy v. Home Depot U.S.A., Inc.*, No. 19-00135, 2021 WL 2821189, *2 (D.N.J. July 6, 2021) (noting courts must still consider whether the party is entitled to judgment as a matter of law).

[2] The facts and procedural history are drawn from the Complaint (ECF 1), Defendant's Motion for Summary Judgment (ECF 15, MSJ), Defendant's statement of material facts (ECF 15-5, "SOMF"), and documents integral to or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Division. (ECF 1, Ex. A.) The Complaint alleges "Met[]Life didn't pay me to do my urgent [d]ental procedure which caused more damage to other tooths [*sic*]. They kept ignoring and non-payment [*sic*] to my Dentist. First claimed [*sic*] was made in 2022 and other claimed [*sic*] made in 2023. No payments." (*Id.* at 6.) On October 20, 2023, Defendant removed the case to federal court. (ECF 1.) At the time the litigation was filed, no dental procedures were performed and no claim for benefits was outstanding. (ECF 15-5, SOMF ¶ 10.) Plaintiff filed suit based on MetLife's response to Plaintiff's dentist seeking estimate of payment for a crown. (*Id.*) After filing suit, Plaintiff switched dentists and submitted multiple dental claim forms for a crown and for services performed on November 13, 2023. (*Id.* ¶ 11.) MetLife paid Plaintiff's dentist for the services performed in November 2023. (*Id.* ¶ 13.) Plaintiff did not appeal MetLife's claim determinations prior to filing suit. (*Id*. ¶ 14.)

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted if the movant shows that "there is no genuine issue as to any material fact [and] the moving party is entitled to a judgment as a matter of law." *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be

discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."). Thus, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23). Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48.

Where, as here, a party fails to address another party's properly supported assertions of fact, the court may consider "grant[ing] summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e). Local Civil Rule 56.1(a) deems a movant's statement of material facts undisputed where a party does not respond or file a counterstatement. L. Civ. R. 56.1(a). A failure to dispute a party's statement of material facts, however, "is not alone a sufficient basis for the entry of a summary judgment." *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even where a local rule deeming unopposed motions to be conceded, the court was still required to analyze the movant's summary judgment motion under the standard prescribed by Fed. R. Civ. P. 56(e)); *see also Muskett v. Certegy Check Servs., Inc.*, Civ. No. 08-3975, 2010 WL 2710555, *3 (D.N.J. July 6, 2010) ("In order to grant Defendant's unopposed motion for summary judgment, where, as here, 'the moving party does not have the burden of proof on the relevant issues, . . . the [Court] must determine that the deficiencies in [the party's] evidence designated in or in connection with the motion entitle the [Movant] to judgment as a matter of law.'" (alterations in original) (quoting *Anchorage Assocs.*, 922 F.2d at 175)).

## III.   ANALYSIS

Defendant removed this action as any action against MetLife would "relate to" the Plan and be preempted by ERISA. The complete preemption doctrine grants courts the power to recast a plaintiff's state law claim as a federal law claim removable to federal court and applies when "a federal statute wholly displaces the state-law cause of action." *Caggiano v. Prudential Ins. Co. of. Am.*, No. 20-7979, 2021 WL 1050166, at *3 (D.N.J. Mar. 19, 2021) (citation and internal quotation marks omitted). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law,

is in reality based on federal law." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). The complete preemption doctrine gives federal courts subject matter jurisdiction. *Id.* (explaining a claim that is completely preempted by federal law is "removable" to federal court). ERISA's civil enforcement mechanism, Section 502(a), 'is one of those provisions with such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule' and permits removal." *Atl. ER Physicians Team, Pediatrics Assoc., PA v. UnitedHealth Group, Inc.*, No. 20-20083, 2021 WL 4473117, at *2 (D.N.J. Sept. 30, 2021) (quoting *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014)). To determine whether ERISA's complete preemption applies, courts must find: (1) the plaintiff could have brought the claim under Section 502(a) of ERISA, and (2) no other independent duty supports the plaintiff's claim. *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). A removing defendant must show the plaintiff's state-law claim satisfies both those requirements. *N.J. Carpenters*, 760 F.3d at 303. To see if the plaintiff could have brought a Section 502(a) claim, courts examine whether: (1) "the plaintiff is the type of party that can bring a claim pursuant to Section 502(a)(1)(B)," and (2) "the actual claim that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to Section 502(a)(1)(B)." *Atl. ER Physicians Team*, 2021 WL 4473117, at *3 (emphasis removed, citation and internal quotation marks omitted).

Section 502(a)(1)(B) allows a beneficiary or participant to a bring a civil action to recover benefits due under an employee benefit plan. 29 U.S.C. § 1132(a)(1)(B). To prevail on a Section 502(a)(1)(B) claim, a plaintiff must show: "(1) the plan is covered by ERISA; (2) the plaintiff is a participant or beneficiary of the plan; and (3) the plaintiff was wrongfully denied a benefit owed under the plan." *Emami v. Empire Healthchoice Assurance, Inc.*, No. 18-679, 2019 WL 4597521,

at *6 (D.N.J. Sept. 20, 2019) (quoting *Guerrero v. FJC Sec. Servs. Inc.*, 423 F. App'x 14, 16 (2d Cir. 2011)); *see also Colarusso v. Transcapital Fiscal Sys., Inc.*, 227 F. Supp.2d 243, 250 (D.N.J. 2002).

"ERISA applies to 'any employee benefit plan if it is established or maintained . . . by any employer engaged in commerce[.]'" *Deibler v. United Food & Com. Workers' Local Union 23*, 973 F.2d 206, 209 (3d Cir. 1992) (omission in original) (quoting 29 U.S.C. § 1002(3)). While "ERISA requires employers to establish benefit plans through a written instrument, . . . courts have concluded that ERISA plans may exist even with the absence of a written summary plan document." *Mance v. Quest Diagnostics Inc. Voluntary Separation Agreement Plan*, 237 F. Supp. 3d 217, 222 (D.N.J. 2017) (citations omitted). An ERISA plan "is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Woerner v. Fram Grp. Operations, LLC*, 658 F. App'x 90, 95 (3d Cir. 2016) (*quoting Shaver v. Siemens Corp.*, 670 F.3d 462, 475 (3d Cir. 2012)). "The 'crucial factor' in determining whether a 'plan' has been established is 'whether the employer has expressed an intention to provide benefits on a regular and long-term basis.'" *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 290 (3d Cir. 2014) (quoting *Gruber v. Hubbard Bert Karle Weber, Inc.*, 159 F.3d 780, 789 (3d Cir. 1998)).

Here, the Plan is an ERISA plan. The Plan document was submitted to the Court. (ECF 15-3.) The intended benefits, class of beneficiaries, source of financing, and procedures for receiving benefits are delineated in the Plan. *See Menkes*, 762 F.3d at 290. Plaintiff is also the type of party that could bring a claim for benefits. *See Atl. ER Physicians Team*, 2021 WL 4473117, at *3. However, because Plaintiff never filed a claim for benefits (SOMF ¶ 10), and all claims submitted after the initiation of this litigation were paid (*id*. ¶¶ 11, 13), there remain no genuine issues of

material fact that would preclude granting summary judgment. The Court therefore **GRANTS** Defendant's motion for summary judgment.

**IV.**   <u>**CONCLUSION**</u>

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF 15) is **GRANTED**. An appropriate order follows.

*/s/ Jamel K. Semper*_____

**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:    Jessica S. Allen, U.S.M.J.
       Parties